UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TERRY WELCH, individually and on behalf of all those similarly situated,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**BIG BOY RESTAURANTS INTERNATIONAL, LLC,** )<br>)<br>**Defendant.** )<br>) | **Case No.: 2:18-cv-11222** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Terry Welch (collectively "Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), brought by Plaintiff on behalf of himself and others similarly situated against Defendant Big Boy Restaurants International, LLC ("Defendant" or "Big Boy"), for failing to pay them overtime wages owed in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant improperly classifies employees who work for Defendant as general managers in Defendant's restaurants as exempt employees under the FLSA and does not pay them overtime compensation for hours over forty in a workweek even though general managers regularly work more than forty hours per workweek. On behalf of himself and other current and former general managers, Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs, and all other relief to which they are entitled.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim pursuant to the FLSA.

3. Venue is proper in this Court because Defendant resides in this District.

## PARTIES

*Plaintiff*

4. Plaintiff Terry Welch is an adult resident of Clare, Michigan. From approximately July 2017 through February 2018, Mr. Welch worked for Defendant at the Big Boy restaurant located in Clare, Michigan. After an initial manager training period, Defendant became general manager of the restaurant in approximately September 2017. As general manager, Mr. Welch was not paid any overtime compensation for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

5. At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

6. Defendant Big Boy Restaurants International, LLC is a company headquartered in Warren, Michigan. Defendant is the operator or franchisor of approximately 80 Big Boy restaurant locations throughout Michigan and several other states. Defendant owns and operates the Big Boy restaurant located in Clare, Michigan where Plaintiff worked.

7. At all relevant times, Big Boy was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

8. At all relevant times, Big Boy has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

9. At all relevant times, Big Boy achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

10. Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

11. Defendant directed the work of Plaintiff and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

12. Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiff and similarly situated employees overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

13. Defendant employs a general manager at each of its company-owned Big Boy restaurants.

14. Employees who work for Defendant as general managers are classified by Defendant as exempt under the FLSA.

15. Defendant tracks general managers' hours by requiring them to clock in and out on company computers.

16. As a matter of company policy and practice, Plaintiff and other general managers regularly work more than 40 hours per week and are paid their regular pay for 40 hours per week, regardless of the number of hours actually worked. General managers are required to work a minimum of 50 hours per week.

17. Plaintiff was classified by Defendant as exempt under the FLSA and was not paid wages, including overtime compensation, for hours worked over 40 in a workweek.

18. Despite general managers being classified as exempt, the primary job duties of Defendant's general managers consist of non-exempt work, including cooking, cleaning and dishwashing, rather than managerial duties.

19. The primary duties of general managers do not materially differ from the duties of non-exempt employees such as assistant managers, shift leaders and other non-managerial employees.

20. Through its unlawful actions, Defendant has deprived general managers of overtime wages owed to them.

21. Defendant acted willfully in failing to pay overtime compensation to general managers for all hours worked over 40 in a workweek. Defendant knew or should have known that these employees are non-exempt, that their primary job duties consist of non-exempt work, and that they should have been paid overtime compensation for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States as general managers in Big Boy restaurants operated by Defendant, have not received overtime owed to them during the three-year period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

23. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

24. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

25. All potential opt-in plaintiffs are similarly situated as to these claims, because they all were employed as general managers in Defendant's Big Boy restaurants, primarily performed the same or similar job duties, Defendant classified all of them as exempt under the FLSA and did not pay them overtime, and Defendant's compensation practices are uniform as to all potential plaintiffs and result in the alleged violation of the FLSA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Pursuant to 29 U.S.C. § 216(b), Plaintiff Terry Welch consents to sue as a plaintiff under the Fair Labor Standards Act.  Mr. Welch's consent to sue form is attached to this Complaint as "Exhibit 1."

## COUNT I - FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates by reference Paragraphs 1-25 as if alleged fully herein.

26. As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant in Defendant's Big Boy restaurants as general managers and have not received overtime wages owed to them during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207. This claim is brought by the named Plaintiff on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E. Attorneys' fees and costs;

F. Pre- and post-interest; and

G. Any other relief to which the named plaintiff and similarly situated individuals may be entitled.

Dated: April 17, 2018                                   Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
Tamra Givens, Esq. (to be admitted *pro hac vice*)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com
tgivens@lemberglaw.com

*Attorneys for Plaintiff*