UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY WELCH, individually and on
behalf of those similarly situated,

    Plaintiff,                                  Case No. 18-cv-11222

v.                                               Honorable Thomas L. Ludington
                                                 Magistrate Judge Patricia T. Morris

BIG BOY RESTAURANTS
INTERNATIONAL, LLC

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

On April 17, 2018, Plaintiff filed a complaint on behalf of himself and others similarly situated against his employer, Big Boy Restaurants, International, LLC. ECF No. 1. Plaintiff is a General Manager (GM) at the Big Boy Restaurant in Clare, MI. He alleges that Defendant improperly classified GMs as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and failed to pay GMs overtime compensation for hours worked beyond 40 per week, in violation of the FLSA, 29 U.S.C. § 207. Despite being classified as General Managers, Plaintiff contends that the primary job duties of Defendant's GMs consists of non-exempt work such as cooking, cleaning, and dishwashing, rather than managerial duties.

A scheduling order was issued on July 12, 2018, providing 5-months for discovery. ECF No. 12. One week later, on July 19, Defendant moved for summary judgment. ECF No. 13. Defendant does not address whether Plaintiff was an exempt employee, or whether he worked in excess of 40 hours per week. Rather, Defendant contends that Plaintiff's FLSA claim should be dismissed because the parties entered into a settlement agreement and Plaintiff released Defendant from liability for all claims. In his response, Plaintiff argues that the settlement is

unenforceable because it was not the result of arm's length negotiations, was entered into without the advice of counsel, is an unreasonable resolution of the FLSA dispute, and was not approved by the Court (as FLSA settlements must be). ECF No. 15. Defendant did not file a reply addressing these counterarguments.

**I**.

The enforceability of the release is the sole issue raised by the motion. The factual record is sparse, consisting of only the release, Plaintiff's affidavit, and an affidavit of Defendant's agent/employee, Kelly Murphy. The undisputed facts are as follows. At some point prior to initiating this lawsuit, Plaintiff was terminated. On April 24, 2018, Ms. Murphy met with Plaintiff to discuss reinstating him. Welch Aff. ¶ 4, ECF No. 15-1. At some point Defendant's CEO, David Crawford, entered the meeting. Welch Aff. ¶ 6. No attorneys were present at the meeting. Murphy Aff. ¶ 4, ECF No. 13-1. Defendant had not yet been served with the complaint at the time of the meeting. *See* Cert. of Serv., ECF No. 3,; Murphy Aff. ¶ 4. However, Mr. Crawford had a copy of the complaint with him at the meeting. Welch Aff. ¶ 6. Plaintiff signed the release in exchange for reinstatement and a signing bonus of $2,500. ECF No. 13-2.

The parties dispute the following: 1) whether Plaintiff or Ms. Murphy requested the meeting (Welch Aff. ¶ 3; Murphy Aff. ¶ 5); 2) whether the $2,500 was intended to cover moving expenses or was tendered in satisfaction of Plaintiff's claim for unpaid wages (Welch Aff. ¶ 8 , Murphy Aff. ¶ 5-6); 3) whether Plaintiff was given an option to review the release with counsel before signing it (Welch Aff. ¶ 10; Murph Aff. ¶ 8); and 4) whether Mr. Crawford told Plaintiff that his reinstatement was contingent on him signing a release (Welch Aff. ¶ 7; Murphy Aff. ¶ 12).

## II.

### A.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). "The party opposing summary judgment cannot rest on its pleading or allegations, to prevail, they must present material evidence in support of their allegations." *Leonard v. Robinson*, 477 F.3d 347 (6th Cir. 2007) (citing *Celotex Corp v. Catrett*, 477 U.S. 317 (1986)). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

### B.

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.*

Under section 216(c), the Secretary of Labor is authorized to supervise the payment of unpaid minimum wages or unpaid overtime compensation owing to an employee, the acceptance of which constitutes a wavier by the employee of further recovery under section 216(b). Outside of that context, an employee cannot waive his rights under the Act absent a judicially approved settlement. *See Walton v. United Consumers Club*, 786 F.2d 303, 305 (7th Cir. 1986); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). To approve a settlement and enter a stipulated judgment, the court must determine 1) that the settlement resolves a bona fide dispute over FLSA coverage, and 2) that the resolution is fair and reasonable. *See Lynn's Food Stores*, 679 F.2d 1350, 1352.

**III**.

Here, there are several reasons why the motion must be denied. First, the parties have not submitted a stipulated judgment and sought joint approval of an FLSA settlement agreement, in contrast to *Lynn's Food Stores*, 679 F.2d 1350, 1352.  Rather, the Defendant unilaterally asks the Court to approve a release it obtained from Plaintiff a week after the complaint was filed.

Second, the settlement agreement does not purport to resolve a dispute over FLSA coverage. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (holding that an FLSA suit was not barred by a "generic, broad release" that was obtained through the private settlement of a state-court non-compete case that did not involve the FLSA or any claim of unpaid wages rendering it impossible to determine whether the "release resulted from a bona fide dispute regarding overtime wages"). The Fair Labor Standards Act is not mentioned in the release.[1] The release does not specifically apply to an FLSA claim, but rather contains a broad release of

> any and every claim, demand, right or cause of action, of whatever kind or nature, on account of or in any way growing out of my prior employment with Big Boy

---

[1] The release refers to the "Federal Labor Standards Act."

- 4 -

> Restaurants International LLC, including but not limited to any claims for wrongful termination, discrimination, and/or violation of the Federal Labor Standards Act

ECF No. 13-2. The release contains no reference to a wage and hour dispute and only a vague description of the dispute it purports to resolve: "I understand fully that this is a final settlement and disposition of *the disputes* both as to the legal liability *for said alleged actions* and damages which I have sustained . . ." *Id.* The nature of "the disputes" and "said allegations" is not explained.

Third, the release was not negotiated by counsel nor did Plaintiff receive the advice of counsel regarding the content of the release. *Cf. Quintanella v. A&R Demolition, Inc.*, No. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (approving an FLSA settlement that was negotiated and endorsed by counsel because "counsel for each side possess the unique ability to assess the potential risks and rewards of litigation"); *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("[I]n determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class."); *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012) (holding that a private settlement was a valid release of FLSA claims where the terms of the release were negotiated by counsel via a union facilitated grievance procedure). Irrespective of whether Plaintiff was given the option to seek counsel's advice before signing the release (which is a disputed fact), it is undisputed that he did not in fact seek such advice nor was counsel present when Plaintiff signed the release.

Fourth, the procedural posture of the case renders it impossible to determine whether there is a bona fide dispute as to the number of hours worked or compensation due under the FLSA. The primary focus of the bona fide dispute inquiry is to ensure that there is a legitimate

question as to liability under the FLSA, and that the employer is not simply taking advantage of the employee. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008). Although the presence of adversarial litigation tends to suggest the presence of a bona fide dispute, "lawsuit" and "dispute" are not synonymous and treating them as such would render the bona fide dispute requirement a nullity. *Id*. Here, the factual record is undeveloped and the FLSA liability issues have not been briefed. The Court has no information with which to evaluate the strength of Plaintiff's claims.

Defendant did not file a reply brief addressing the foregoing issues which were identified in Plaintiff's response. In support of its motion, Defendant offers a four-page analysis that largely ignores the requirements of FLSA settlement approval. Defendant contends that the release should be enforced because it is similar to the language approved by the court in *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164 (S.D. Cal. 2016). To the contrary, the release in *Selk* applied to "any and all claims . . . for or which *relate to the alleged failure to properly pay wages or overtime as required by the Fair Labor Standards Act*." *Id.* at 1178 (emphasis added). The settlement in *Selk* explicitly referenced the FLSA and an overtime dispute.

Moreover, the court approved the settlement under vastly different circumstances: 1) the motion for approval was submitted jointly; 2) the motion was submitted after class certification; 3) substantial discovery had been completed; 4) the parties provided briefing analyzing the defendant's employment practices and the hours worked by employees; 5) the court considered the Plaintiff's range of recovery as reflected in the evidentiary record; and 6) counsel for the parties had negotiated the settlement. *Selk* does not support Defendant's position. In fact, of all

the cases cited by either party, *Selk* perhaps provides the strongest rationale to deny Defendant's motion.

An additional argument Defendant repeatedly emphasizes is that Defendant had not received notice of the litigation at the time the release was executed. Defendant appears to be suggesting that the standard for FLSA settlement approval set forth above should not apply. Defendant contends that they were not attempting an end run around the FLSA settlement approval requirements but were rather attempting to settle an employee grievance in good faith with no knowledge of a pending FLSA claim. However, Defendant has provided no explanation as to how their notice of the litigation, or lack thereof, has any effect on the enforceability of the release to bar Plaintiff's FLSA claim. Moreover, Defendants contention is belied by the record. Based on the undisputed facts, Defendant did have notice of the litigation. It is undisputed that Defendant was not served until April 26 (two days after the execution of the release), as reflected by the certificate of service. ECF No. 3. It is also undisputed, however, that Defendant did in fact have notice of the litigation, because Defendants' CEO brought a copy of the complaint with him to the meeting.[2]  These two facts are by no means inconsistent, of course. Any member of the public can obtain a copy of the complaint off of pacer.gov without being served a copy.

**IV**.

Accordingly, it is **ORDERED** that the motion for summary judgment, ECF No. 13, is **DENIED**.[3]

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: October 2, 2018

---

[2] Plaintiff testified to this in his affidavit, and Defendant did not respond to it. Therefore, it is undisputed.

[3] Importantly, Defendant has sought no affirmative relief as a result of Plaintiff's contention that the settlement agreement is unenforceable and accordingly, the opinion does not address the issue.

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 2, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager