UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY WELCH, individually and on
behalf of those similarly situated,

    Plaintiff,                                   Case No. 18-cv-11222

v.                                              Honorable Thomas L. Ludington
                                                   Magistrate Judge Patricia T. Morris

BIG BOY RESTAURANTS
INTERNATIONAL, LLC

    Defendant.

_____/

## ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR DISCOVERY EXTENSION

On April 17, 2018, Plaintiff filed a complaint on behalf of himself and others similarly situated against his employer, Big Boy Restaurants, International, LLC. ECF No. 1. Plaintiff is a General Manager (GM) at the Big Boy Restaurant in Clare, MI. He alleges that Defendant improperly classified GMs as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and failed to pay GMs overtime compensation for hours worked beyond 40 per week, in violation of the FLSA, 29 U.S.C. § 207. Despite being classified as General Managers, Plaintiff contends that the primary job duties of Defendant's GMs consists of non-exempt work such as cooking, cleaning, and dishwashing, rather than managerial duties.

A scheduling order was issued on July 12, 2018, providing 5-months for discovery. ECF No. 12. One week later, on July 19, Defendant moved for summary judgment. ECF No. 13. On October 2, 2018 the Court entered an order denying the motion for summary judgment.

On January 12, 2019, Plaintiff filed a motion to amend his complaint to add Big Boy Restaurant *Affiliates* LLC as a defendant, the entity to whom Defendant Big Boy Restaurants

*International*, LLC sold its assets. Mot. at 1.. According to Plaintiff, "the proposed amendment alleges substantial continuity of the operations of Big Boy Restaurants, International, LLC by Big Boy Restaurant Affliates LLC (Amended Compl. ¶ 7)."

On January 25, 2019, Plaintiff filed an amended motion for leave to amend his complaint. In the amended motion Plaintiff explains that he believed that the entity to whom Defendant sold its assets is Big Boy Restaurants Affiliates LLC because that is the entity who currently issues payroll to employees. However, Defendant recently served discovery responses which contained an asset sale agreement identifying Big Boy Restaurant *Group*, LLC as the buyer. Am. Mot. at 1. Plaintiff explains that the sale did not, however, include liabilities for employee wages. Defendant filed a response opposing the motion to amend. ECF No. 22.

**I.**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Prejudice" in the context of Rule 15 means more than the inconvenience of having to defend against a claim. See, e.g., *Monahan v. N.Y.C. Dept. of Corr.,* 214 F.3d 275, 284 (2d Cir. 2000). It requires something more substantial. Courts have held that, in some situations, the close of discovery is sufficient to warrant a finding of prejudice to the opponent. *See R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 441 (6th Cir. 2005).

"Ordinarily, delay alone[] does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." Id. (quoting *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)) (internal quotation marks omitted). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973)). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)

An amendment would be futile if the amended complaint does not state a claim upon which relief can be granted. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the

pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

## II.

First, Defendant argues that Plaintiff "had knowledge" of the finalized sale for nearly two months before bringing the motion for leave to amend. Defendant next asserts that Plaintiff "should have had knowledge" of the purchaser "almost simultaneously with the finalization of the asset sale" because he is currently employed by the purchaser. Thus, Defendant does not appear to be certain whether Plaintiff "had knowledge" or "should have had knowledge" of the sale. Nor does Defendant explain either assertion. Perhaps a GM such as plaintiff would know about an asset sale taking place, perhaps not. Defendant has provided no evidence one way or the other.

Defendant also appears to argue that Plaintiff has engaged in a pattern of delay and dilatory tactics such as a delay in serving discovery requests and a request for a discovery extension. Respectfully, Defendant's opinion that Plaintiff has been unreasonable in the discovery process has no bearing on the analysis here, as those discovery disputes have never been brought to the Court's attention. Moreover, Defendant did not oppose Plaintiff's motion for an extension.

Defendant also argues that amending the complaint to add new parties would be futile because Plaintiff has no claim for successorship liability in this case. First, it is not clear that Defendant has standing to raise this argument on behalf of the new parties. To the extent that the new parties have a defense to the merits of Plaintiff's claims, the impetus is on the new parties to

move to dismiss or otherwise defend the claims. Defendant has not explained how granting the motion would prejudice *its* interests.

Even assuming Defendant did have standing to raise a defense to successor liability on behalf of the new parties, that defense was not adequately developed by the 1-2-page argument in the response brief.

Plaintiff also moves for a 60-day discovery extension. ECF No. 23. Plaintiff argues that he needs the discovery extension because Defendant's discovery responses are incomplete, and because he will need discovery from the new entities to be named in his amended complaint. The motion will be denied. If Plaintiff is having difficulty obtaining discovery from the current named Defendant, he should attempt to resolve the dispute in good faith and, if unable to do so, file a timely motion to compel. With respect to the new entities, the request for a discovery "extension" is a non-starter, because the Court has not yet ordered any discovery as to those prospective defendants. Such discovery may or may not be ordered, depending on the manner in which those parties respond to the amended complaint.

Accordingly, it is **ORDERED** that the amended motion to amend (ECF No. 21) is **GRANTED** and Plaintiff is **DIRECTED** to file his proposed amended complaint within 7 days of the entry of this order.

It is further **ORDERED** that the original motion to amend (ECF No. 20), is **DENIED** as moot.[1]

---

[1] It would have been helpful if Plaintiff would have briefly explained the difference between the two motions, rather than leaving the reader to compare the two documents side by side and determine how they differ. For example, Plaintiff might have indicated at the outset of his amended motion that it is nearly identical to the previous motion, with the exception of his request to add Big Boy Restaurants *Group*, who he recently found out about via Defendant's January 25 discovery response. Contemporaneously with the amended motion, Plaintiff should have also filed a notice to withdraw the previous motion, rather than leaving the Court and the

It is further **ORDERED** that the motion for a discovery extension, ECF No. 23, is **DENIED**.

                                                          s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

Dated: February 1, 2019

---

opposing party to determine whether the relief sought in the first motion is duplicative of the relief sought in the second motion (which it is).