**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TERRY WELCH, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:18-cv-11222-TLL-PTM |
| v. ) | |
| ) | |
| BIG BOY RESTAURANTS ) | |
| INTERNATIONAL, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT AMENDED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**

Now come the parties jointly, by and through their respective counsel, and pursuant to the Court's April 10, 2019 Order (Dkt. No. 33), respectfully submit this Joint Amended Motion to Approve Settlement and in support hereof state as follows:

1. On April 17, 2018, Plaintiff filed a Complaint against Defendant Big Boy Restaurants International, LLC ("Big Boy") in the United States District Court for the Eastern District of Michigan, in which Plaintiff sought relief for alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 *et seq*., ( the "Action"). In particular, Plaintiff alleged that he was misclassified as an exempt employee during his employment as a general manager of a Big Boy restaurant and denied overtime compensation for hours he worked in excess of 40 per workweek.

2. On May 16, 2018, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint.

3. At all times throughout this Action, Defendant has denied liability for Plaintiff's claims and has maintained that Plaintiff was exempt from the overtime requirements of the FLSA.

4. On July 19, 2018, Defendant filed a motion for summary judgment requesting judgment as a matter of law due to its contention that the parties had reached a settlement under which Plaintiff Welch released his claim for alleged violations of the FLSA. On October 2, 2018, this Court denied Defendant's motion for summary judgment, finding the release to be unenforceable.

5. On September 26, 2018, Cheryl Stroub ("Stroub") filed a notice of consent to join this Action (Dkt. No. 16).

6. On April 30, 2019, Plaintiff and Defendant filed a Stipulation and Proposed Order to Join Stroub as Plaintiff in this Action (Dkt. No. 34).

7. On January 28, 2019, due to Defendant's sale of its assets, Plaintiff moved for leave to amend the complaint to add additional defendants as successors-in-interest. On February 1, 2019, the Court granted Plaintiff's motion to amend the complaint on February 1, 2019.

8. On February 1, 2019, Defendant filed a Notice of Settlement in Principle. Since that time, the parties have memorialized the terms of their settlement in a written Settlement Agreement, a copy of which is attached hereto as <u>Exhibit A</u>. Under the terms of the settlement, Plaintiffs Welch and Stroub will receive back pay wages for unpaid overtime and liquidated damages they claims are owed to them, which remain vigorously disputed by Defendant.

9. Specifically, under the Settlement Agreement, Plaintiff Welch will receive back pay wages in the amount of $4,326.92, an equal sum of $4,326.92 in liquidated damages, and an additional sum of $7,781.25 (total of $16,435.09). Plaintiff Stroub will receive $6,641.83 in back

pay wages, an equal sum of $6,641.83 in liquidated damages, and an additional sum of $7,781.25 (total of $21,064.91). Plaintiffs will also receive a separately negotiated sum of $25,000.00 in payment of their attorneys' fees and costs.

10. During these negotiations, all parties were represented by counsel.

11. The settlement agreement contains a provision for attorneys' fees and costs to be paid by Defendant to Plaintiffs' counsel. Plaintiffs believe that the fees and costs are reasonable and commensurate with the service rendered by Plaintiff's Counsel and request that they be approved. In support hereof, Plaintiffs submit the Declaration of Sergei Lemberg, Esq. and Attorney Billing Statement attached hereto as Exhibit B. Defendant has agreed not to object to the award of the fees and costs up to the amount stated in the settlement agreement.

12. Upon approval of the Settlement, the parties agree that all claims against Defendant will be dismissed with prejudice and without additional attorneys' fees or costs.

13. The parties agree that the settlement is a fair and reasonable resolution of a bona fide dispute over issues arising under the FLSA. Plaintiffs believe that they were misclassified as exempt employees under the FLSA. Defendant believes that Plaintiffs were properly classified and denies that it violated the FLSA. The parties agree that the negotiated settlement represents a fair compromise of the alleged claims.

14. Because the parties believe that the settlement represents a fair resolution of this matter, they jointly ask that the Court approve the settlement of this action and enter an Order approving the settlement and dismissing this case with prejudice.

**WHEREFORE**, Plaintiffs and Defendant respectfully move this Court for entry of an Order (i) **GRANTING** this Motion; (ii) **APPROVING** the settlement of this matter; and (iii)

**DISMISSING** this action in its entirety with prejudice and without attorneys' fees and costs except as provided in the parties' Settlement Agreement.

## MEMORANDUM OF LAW IN SUPPORT OF JOINT AMENDED MOTION TO APPROVE SETTLEMENT

### I. LEGAL ANALYSIS

**A.     STANDARD OF REVIEW.**

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co*., 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (Lawson, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Thus, the parties submit their agreed-upon settlement to the Court for a determination as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Snook v. Valley Ob-Gyn Clinic, P.C*., 2015 U.S. Dist. LEXIS 2989, 1-3 (E.D. Mich. Jan. 12, 2015) (citing *Lynn's Food Stores*, 679 F.2d at 1354-55)); *see also Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011). "If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Arrington*, 2012 U.S. Dist. LEXIS 157362, *2 (internal citations and quotations omitted); see *Lynn's Food Stores*, 679 F.2d at 1354.

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Snook*, 2015 U.S. Dist. LEXIS 2989 at * 2-3, citing *Lynn's Food Stores*, 679 F.2d at 1352-53 (citing *Int'l Union, United Auto., Aerospace and*

4

*Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); and *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).

Once the Court determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Williams v. K&K Assisted Living LLC*, 2016 U.S. Dist. LEXIS 9310 *4 (E.D. Mich. Jan. 27, 2016); *see also Lynn's Food Stores*, 679 F.2d at 1354; *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

**B.     THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF DISPUTED CLAIMS.**

The settlement reached between the parties is fair and reasonable. The settlement resolves a disputed claim between adverse parties and puts an end to litigation that would be far more costly to continue to litigate given the complexity of issues in this matter. For the reasons set forth below, the parties' settlement should be approved.

*1. No Risk of Fraud or Collusion*

The settlement is devoid of any risk of fraud and collusion. Plaintiffs were at all times represented by experienced counsel who litigated aggressively on their behalf. Defendant was likewise represented by experienced counsel who litigated this matter aggressively on its behalf. The settlement was reached after arms-length negotiations.

*2. The Complexity, Expense and Duration of The Case*

This case presents complex legal and factual issues. Plaintiffs, who worked for Big Boy as general managers, allege that they did not perform managerial duties as their primary duties and do not otherwise meet the executive exemption of the FLSA. Defendant disputes Plaintiffs' characterization, asserting that, as the highest ranking employees in the restaurants in which they

5

worked, Plaintiffs performed primarily managerial duties and were exempt from the FLSA. Accordingly, significant disputed factual and legal issues existed regarding the applicability of the executive exemption of the FLSA.

In addition, Defendant's motion for summary judgment presented a complex issue regarding the enforceability of Plaintiff Welch's purported release of his claims. If successful, Plaintiff Welch would have received no recovery at all.

Further complicating this case, during the pendency of this litigation, Defendant sold its assets to another entity and claimed that as a result of such sale it was not able to satisfy a potential judgment. A real issue arose as to collectability of the Defendant and whether the purchasing entity met the requirements for successor liability under both the FSLA and common law with regard to liability of successor companies.

The settlement in this case was reached after ten months of hard-fought litigation. The parties have already incurred considerable attorneys' fees and costs, which will only increase if the litigation continues. Given the complexities and substantial expense which remains to be incurred, early resolution is in the parties' interest. This factor favors approval.

3. *The Amount of Discovery*

Significant discovery efforts were made in the case. Defendant responded to interrogatories and two sets of requests for production propounded by Plaintiffs. In addition, Plaintiffs issued a notice of deposition to Defendant pursuant to Rule 30(b)(6) and Defendants propounded discovery to Plaintiffs which were pending at the time of settlement.

4. *The Likelihood of Success on the Merits*

For the reasons outlined above, Plaintiffs' likelihood of success on the merits, as well as whether a judgment would be collectable, is uncertain. This further suggests that the settlement is fair and appropriate. Thus, this factor also favors approval.

5. *Opinion of Counsel*

Plaintiffs' counsel, who has extensive experience litigating wage and hour claims, is of the opinion that settlement is in the parties' interest. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 557 (S.D. Ohio 2000). Defendant is also represented by experienced counsel. All counsel believe that this settlement is in the best interest of their respective clients. Accordingly this factor favors approval.

6. *There are No Absent Class Members*

This is an FLSA case, and as such, no party may be bound by a settlement unless they "opt-in" to the case. 29 U.S.C. § 216(b) (No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.) No "absent class members" are being bound by this settlement. As such, this factor also favors approval.

7. *The Public Interest*

The public's interest in judicial economy and amicable dispute resolution favors settlement on the terms voluntarily agreed to by the parties. *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *24 (S.D. Ohio May 30, 2012) (drawing an end to "potentially long and protracted litigation" by virtue of a settlement agreement weighs in the favor of public interest.) Here, the parties have voluntarily and amicably resolved their dispute via a settlement to which all parties have agreed. Thus, this factor also favors approval.

7

In this case, all six factors the court is to consider in determining whether a settlement is "fair and reasonable" favor approval of the settlement. As such, the parties ask the Court to approve the settlement and enter an order of dismissal with prejudice.

### C. PLAINTIFFS' ATTORNEY FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory; however, the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Here, the parties agreed to an attorney fee payment as set forth in the settlement agreement (Ex. A, ¶ 1(e)). The attorney fee was agreed upon separately and without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Congress enacted fee-shifting statutes in order to ensure that federal rights are adequately enforced. Under a fee-shifting statute, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious" action to vindicate the rights protected under the statute. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 552.

Moreover, the FLSA is a "broadly remedial and humanitarian statute" that is construed liberally to effect the congressional intent. *Fegley*, 19 F.3d at 1132. "The recovery of attorney

8

fees is a tool utilized by Congress to encourage the vindication of congressionally identified policies and rights, as well as to enable the plaintiff to obtain damages without expense for legal assistance." *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n Local 307*, 732 F.2d 49, 503 (6th Cir. 1984). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourage[s] the vinidication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1134-35 (quoting *United Slate*, 732 F.2d at 503).

Here, Plaintiff's counsel's attorneys' fees and costs are based upon their lodestar from investigation of the claims through the settlement process and are reasonable given the complexity of the case, adversarial nature of the litigation, and the amount of resources expended on Plaintiff's claims. Plaintiff's counsel has litigated this case since March of 2018, which has entailed: investigating the claims and the Defendant, drafting pleadings (including motions to amend pleadings and amended pleadings), defending Defendant's motion for summary judgment, reviewing documents, researching and writing, working with Plaintiffs to come up with a detailed damages estimate and more. (Exhibit B, Lemberg Decl. ¶ 3). The activities undertaken in litigating this case and reaching the present agreement were reasonable and necessary, resulting in a favorable settlement to Plaintiffs, despite Defendant's vigorous defense denying any overtime wages are due Plaintiffs. (*Id.* ¶ 4). As a result of the settlement, Plaintiffs will receive 100% of the back pay and liquidated damages to which they believe they are entitled, plus additional monetary amounts and their attorneys' fees and costs. (*Id.* ¶ 5).

As to the time and labor required for this litigation, at the time this motion was submitted to the Court, Plaintiff's Counsel represents that they have expended 84.10 attorney hours to date performing work in this case, resulting in a lodestar of $31,537.50 (at $375 per hour). (*Id.*. ¶¶ 6,

9

12-15, and its Exhibit 1, Attorney Billing Statement). Plaintiffs have additionally incurred at least $600 in costs. (*Id.* ¶ 19). The agreed upon settlement amount of $25,000 for fees is less than Plaintiff's lodestar, does not include any of Mr. Lemberg's time overseeing the prosecution of this matter, fees for paralegal time, and also includes costs expended by Plaintiff's counsel.

The hourly rate of $375 is appropriate within the community for such work. Specifically, in 2017, the average hourly rate billed by employment law plaintiff's attorneys was $380, and the average hourly rate for consumer law attorneys was $400/hour – both of which are greater than the $375 billed by Plaintiff's counsel here. (*See* State Bar of Michigan's Attorney Income and Billing Rate Summary Report, p. 6, https://www.michbar.org/file/pmrc/articles/0000153.pdf; Lemberg Decl. ¶¶ 7-8).

Further, the hourly rate requested by Plaintiff's Counsel is in line with rates approved by this Court in FLSA litigation. *Zambrano v. Motorcity Burger Co. Inc.*, No. 17-cv-10295, 2017 WL 1477111, at *2 (E.D. Mi. Apr. 25, 2017) (approving the billing rate of $350/hour for attorneys who had been handling employment related matters for 8-10 years). Attorney Lemberg has been practicing since 2001, and Attorney Givens has been practicing since 2003. (Lemberg Decl. ¶¶ 9, 11). Both have dedicated their career to representing plaintiffs in litigation, including wage and hour and consumer matters. (*Id.*) In addition, this Court recently approved a settlement and fee award in *Freeman v. Staff Line, Inc.,* 2:18-cv-10683 (E.D. Mi. June 7, 2018) based on the same hourly rate requested by Attorney Lemberg here. The Sixth Circuit has held that "[a] reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Plaintiffs submit that their attorneys' fees and costs are reasonable and should be approved.

### D. CONCLUSION

Plaintiffs and Defendants agree that the settlement, the terms of which are set forth in **Exhibit A** is a fair and reasonable resolution of a bona fide FLSA dispute. As such, the parties jointly request that this Court approve the settlement.

**WHEREFORE**, Plaintiff and Defendant respectfully move this Court for entry of an Order (i) **GRANTING** this Motion; (ii) **APPROVING** the settlement of this matter; and (iii) DISMISSING this action in its entirety with prejudice and without further costs and fees.

Dated this 30th day of April, 2019

        Respectfully submitted,

        */s/ Sergei Lemberg*
        Sergei Lemberg, Esq.
        LEMBERG LAW, LLC
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        slemberg@lemberglaw.com
        *Attorney for Plaintiff*

        */s/ Grace Crivello*
        Vincent P. Hoyumpa, Esquire
        Grace J. Crivello, Esquire
        FISCHER GARON HOYUMPA
        48 Market Street, Suite 2B
        Mount Clemens, MI 48043
        Telephone: (586) 466-1200
        vhoyumpa@fghrlaw.net
        gcrivello@fghrlaw.net
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                              */s/ Sergei Lemberg*
                                              Sergei Lemberg, Esq.