UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TERRY WELCH, individually and on behalf of all those similarly situated,** ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:18-cv-11222 |
| v. ) ) | |
| **BIG BOY RESTAURANTS INTERNATIONAL, LLC,** ) ) ) | |
| Defendant. ) ) | |

## ORDER GRANTING MOTION FOR SETTLEMENT APPROVAL

On March 15, 2019, the parties submitted a stipulation to dismiss this action with prejudice, with each party to bear its own costs and the Court to retain jurisdiction to enforce the settlement. The settlement was neither attached nor described. The Court rejected the stipulation and directed the parties to submit a joint motion to approve the settlement agreement, which they filed on March 27, 2019. ECF No. 30. The Court took issue with two aspects of the settlement agreement. First, the settlement agreement provided for relief for an unnamed party, Cheryl Stroub, who had not been joined as a plaintiff. The Court also noted that Plaintiff had not submitted detailed billing records in support of the attorney fee award. The Court directed the filing of an amended motion, which was filed on April 30, 2019. The parties stipulated to the joinder of Cheryl Stroub as a plaintiff. Plaintiff's counsel also provided his billing records. Thus, both of the issues have been corrected.

The proposed settlement provides for total consideration of $62,500, comprised of the following:

  a. The sum of $4,326.92 less applicable withholding, made payable to Terry Welch representing allegedly earned but unpaid wages and overtime. Big Boy shall issue Welch an IRS Form W-2 in connection with this payment.

  b. The sum of $12,108.17 made payable to Terry Welch, $4,326.92 of which shall represent alleged liquidated damages, plus an additional sum of $7,781.25. Big Boy shall issue Welch an IRS Form 1099 in connection with this payment.

  c. The sum of $6,641.83 less applicable withholding, made payable to Cheryl Stroub representing allegedly earned but unpaid wages and overtime. Big Boy shall issue Stroub an IRS Form W-2 in connection with this payment.

  d. The sum of $14,423.08 made payable to Cheryl Stroub, $6,641.83 of which shall represent alleged liquidated damages, plus an additional sum of $7781.25. Big Boy shall issue Stroub an IRS Form I 099 in connection with this payment.

  e. The sum of $25,000.00 made payable to Lemberg Law LLC, Attorneys for Plaintiffs, which constitutes payment on account of Plaintiffs' attorneys' fees and costs for the Action. Big Boy will issue a Form 1099 for this payment.

## I.

Court approval is generally required for the settlement of claims for back pay under the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Id.* "If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.*

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion

of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Id.*

## II.

There is no evidence in this case of any fraud or collusion. The parties were represented by experienced counsel, and the settlement is a result of arms-length negotiation. Although the Court had to reject several proposed attempts to resolve this case, the parties have now complied with the requirements of the Act. The parties exchanged discovery including interrogatories and requests for production. As the Court is not privy to what was revealed during that discovery, the Court will defer to the opinion of experience counsel that this case involved complex factual and legal questions and that the likelihood of success on the merits is uncertain. The factual questions included what exactly the day-to-day job responsibilities of Defendant's General Managers were. The legal questions included whether, in light of those job duties, the General Manager's were non-exempt employees under the Act notwithstanding their job titles. As no class has been certified, the proposed resolution of this matter will bind no absent class members. The public interest supports expedient and amicable resolution of disputes.

## III.

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory; however, the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances

in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

Here, Plaintiff's counsel seeks payment for 84.10 hours of work, and has attached itemized billing entries in support of the request. Given the procedural posture of the case, the tasks performed and the hours spent appear reasonable. Plaintiff's counsel successfully responded to a motion for summary judgment, exchanged discovery, and negotiated a resolution of the claims which provides substantial compensation for his clients. Plaintiff's $375 hourly rate is also reasonable and consistent with industry averages for employment attorneys. The resulting lodestar is $31,537.50. Plaintiff's counsel seeks only $25,000. The motion will be granted.

**IV.**

Accordingly, it is **ORDERED** that the amended motion for settlement approval, ECF No. 34, is **GRANTED**, and the settlement is **APPROVED**.

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** with prejudice and without further costs or fees to either party. This a final order and closes this case.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: May 6, 2019

4